UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

Savo, Schalk, Gillespie, O'Grodnick & Fisher
Attorneys for Debtor
56 East Main Street, Suite 301
Somerville NJ 08876
(908) 526-0707

In Re:

Reynan D Tantoco

Case No.: _____19-23005_____

Judge: _____CMG_____

Chapter: 13

# CHAPTER 13 DEBTOR'S CERTIFICATION IN OPPOSITION

The debtor in this case opposes the following **(choose one)**:

1. ☒ Motion for Relief from the Automatic Stay filed by _____Amerihome Mortgage_____, creditor,

   A hearing has been scheduled for _____June 2, 2021_____, at __9:30 am__.

   ☐ Motion to Dismiss filed by the Chapter 13 Trustee.

   A hearing has been scheduled for _____, at _____.

   ☐ Certification of Default filed by _____,

   I am requesting a hearing be scheduled on this matter.

2. I oppose the above matter for the following reasons **(choose one)**:

   ☐ Payments have been made in the amount of $_____, but have not been accounted for. Documentation in support is attached.

☐ Payments have not been made for the following reasons and debtor proposes repayment as follows **(explain your answer)**:

☒ Other **(explain your answer)**:
Amerihome alleges a fully executed copy of the modification was not deleivered pursuant to the servicers instructions. This is not correct.The instructions required the documents to be returned by June 11, 2020. They were signed and returned by overnight mail on May 29,2020 (attached) and simultaeously filed through the portal. Debtor has timely made all subsequent payments

3. This certification is being made in an effort to resolve the issues raised in the certification of default or motion.

4. I certify under penalty of perjury that the above is true.

Date: 5/20/21

/s/ Reynan Tantoco
Debtor's Signature

Date: _____

_____
Debtor's Signature

**NOTES:**

1. Under D.N.J. LBR 4001-1(b)(1), this form must be filed with the court and served on the Chapter 13 Trustee and creditor, if applicable not later than 7 days before the date of the hearing if filed in opposition to a Motion for Relief from the Automatic Stay or Chapter 13 Trustee's Motion to Dismiss.

2. Under D.N.J. 4001-1 (b)(2), this form must be filed with the court and served on the Chapter 13 Trustee and creditor, if applicable not later than 14 days after the filing of a Certification of Default.

*rev.8/1/15*

**Currently Viewing:**

Borrower Name: Tantoco, Reynan
Property Address: 1020 Arnold Road Raritan, NJ 08869
Servicer Name: Cenlar FSB
Loan Number: 0072393499

---

| Date | Activity By | Action Taken |
|---|---|---|
| 06/02/2020 09:10:57 PM ET | Servicer | Message Sent |

From: Ladon Wilson (Servicer)
Subject: RE: Signed modification agreement
Message:
Thank you.

---

*above sent in reply to:*

| Date | Activity By | Action Taken |
|---|---|---|
| 05/29/2020 03:37:28 PM ET | Attorney | Message Sent |

From: John F. Bracaglia, Jr. (Borrower Attorney)
Subject: Signed modification agreement
Message:
Our client signed the modification agreement. Attached is a copy. We have sent it by UPS overnight. The tracking number is 1Z F05 737 22 1009 632 8.

We have also filed a motion with the bankruptcy court for approval of the loan mod.

Lynne Brokaw, Legal Assistant to John F. Bracaglia, Jr., Esq.

Attached Files:
Tantoco (Loan #0072393499) - Signed Loan mod agre (Added 05-29-2020)

---

© 2021 - www.dclmwp.com

Currently Viewing:

Borrower Name: Tantoco, Reynan
Property Address: 1020 Arnold Road Raritan, NJ 08869
Servicer Name: Cenlar FSB
Loan Number: 0072393499

| Date | Activity By | Action Taken |
|---|---|---|
| 05/28/2020 05:02:04 PM ET | Servicer | Message Sent |

From: Ladon Wilson (Servicer)
Subject: RE: Modification agreement
Message:
Good afternoon,

I apologize for the delay; documents are attached. This loan was approved for a Modification. Attached is a copy of the unexecuted modification. This needs to be executed and sent to the address below no later than 06/11/2020. We need the executed modification documents sent to this address: 12700 Park Central Dr. Suite 850 Dallas TX 75251. We recommend sending the executed modification with tracking information so that it can be tracked after it is sent by your office. Please message us in the DMM Portal with the tracking number once it is sent.

Sincerely,

Ladon

Attached Files:
Tantoco (Loan #0072393499) - 5760750_1160_0072393499_CNLR_FINAL_MOD_CVR_LTR_PKG_20200528014004.pdf (Added 05-28-2020)
Tantoco (Loan #0072393499) - TantocoR 0072393499.pdf (Added 05-28-2020)
Tantoco (Loan #0072393499) - TantocoR0072393499 ExA.pdf (Added 05-28-2020)

*above sent in reply to:*

| Date | Activity By | Action Taken |
|---|---|---|
| 05/28/2020 03:40:57 PM ET | Attorney | Message Sent |

From: John F. Bracaglia, Jr. (Borrower Attorney)
Subject: RE: Modification agreement
Message:
We never received the revised documents. Our client has contacted AmeriHome and no one can help him. He's transferred to one department to the other. We need the corrected documents ASAP.

Lynne Brokaw, Legal Assistant to John F. Bracaglia, Jr.

*above sent in reply to:*

| Date | Activity By | Action Taken |
|---|---|---|
| 05/18/2020 07:44:30 PM ET | Servicer | Message Sent |

From: Ladon Wilson (Servicer)
Subject: RE: Modification agreement
Message:
Good evening,

The closing team has requested a redraft of the documents. I've emailed them for an update. I should have a copy within 72 hour from the vendor.

Sincerely,

Ladon

*above sent in reply to:*

| Date | Activity By | Action Taken |
|---|---|---|
| 05/13/2020 10:07:43 AM ET | Attorney | Message Sent |

From: John F. Bracaglia, Jr. (Borrower Attorney)
Subject: Modification agreement
Message:
Our client advised that he has received papers in the mail, but they indicate his ex-wife is to also sign. His ex-wife no longer has an interest in the property. A deed was recorded removing her, and a copy of that recorded deed was included in the information provided for review for the modification. So, the paperwork is wrong. Also, we have not received a copy of it through this portal.

Lynne Brokaw, Legal Secretary to John F. Bracaglia, Jr.

© 2021 - www.dclmwp.com

# UPS Next Day Air® / UPS Worldwide Express®
## Shipping Document

See Instructions on back. Visit UPS.com® or call 1-800-PICK-UPS® (800-742-5877) for additional information and Tariff/Terms and Conditions.

**TRACKING NUMBER:** 1Z F05 737 22 1009 632 8

### ① SHIPMENT FROM
- **SHIPPER'S UPS ACCOUNT NO.:** F 0 5 7 3 7
- **REFERENCE NUMBER:** #7746-002 Tantoco
- **NAME:** John F. Bracaglia, Jr.
- **TELEPHONE:** 908-526-0707
- **COMPANY:** SAVO SCHALK LAW OFFICES
- **STREET ADDRESS:** 56 E MAIN STREET, SUITE 301
- **CITY AND STATE:** SOMERVILLE
- **ZIP CODE:** NJ 08876

### ② EXTREMELY URGENT DELIVERY TO
- **NAME:** Attn: Loan Modification Dept.
- **TELEPHONE:** ( )
- **COMPANY:** CENLAR FSB
- **STREET ADDRESS:** 12700 Park Central Dr. Suite 850
- **DEPT./FLR.:** Residential Delivery
- **CITY AND STATE:** Dallas, Texas
- **ZIP CODE:** 75251

### ③ WEIGHT
LTR [X] PAK [ ] WEIGHT ___ DIMENSIONAL WEIGHT (If Applicable) ___ LARGE PACKAGE [ ]

### ④ SHIPPER RELEASE [ ]
**CHARGES:** $

### ⑤ TYPE OF SERVICE
[X] Next Day Air   [ ] Express (INT'L)
FOR INTERNATIONAL SHIPMENTS: $ ___ CUSTOMS VALUE   [ ] DOCUMENTS ONLY

### ⑥ OPTIONAL SERVICES
[ ] Saturday Pickup   [ ] Saturday Delivery
[ ] Declared Value For Carriage: $ ___ AMOUNT
[ ] C.O.D.: $ ___ AMOUNT

### ⑦ ADDITIONAL HANDLING CHARGE
An Additional Handling Charge applies for certain items. See Instructions.

**TOTAL CHARGES:** $

### ⑧ METHOD OF PAYMENT
[X] Bill Shipper's Account Number   [ ] Bill Receiver (Domestic Only)   [ ] Bill Third Party   [ ] Credit Card (American Express / Diner's Club / MasterCard / Visa)   [ ] Check

### ⑨ RECEIVER'S/THIRD PARTY'S UPS ACCT. NO. OR MAJOR CREDIT CARD NO. / EXPIRATION DATE

### ⑩ SHIPPER'S SIGNATURE: X L. Brokaw
**DATE OF SHIPMENT:** 3/29/20

0101911202609 6/14 RRD

UPS COPY

**After Recording Return To:**
CENLAR FSB
Attn:
425 Phillips Blvd
Ewing, New Jersey 08618

_____[Space Above This Line For Recording Data]_____

Loan No.: (
Investor Loan No.: ‹

# LOAN MODIFICATION AGREEMENT
(Providing for Fixed Interest Rate)

This Loan Modification Agreement ("Agreement"), made this 21st day of April, 2020, between REYNAN TANTOCO

("Borrower/Grantor")
and AmeriHome Mortgage Company, LLC, whose address is 425 Phillips Blvd, Ewing, New Jersey 08618

("Lender/Grantee"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated June 19th, 2015, recorded June 24th, 2015, and recorded in Book/Liber 6802, Page 572, Instrument No. 2015025560, of the Official Records of Somerset County, New Jersey, and (2) the Note in the amount of U.S. $ 346,750.00, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property," located at 1020 ARNOLD AVENUE, RARITAN, New Jersey 08869,

Loan No.:

the real property described being set forth as follows:
SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

      In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

    1.    As of  June 1st, 2020     , the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. $ 305,029.61    , consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

    2.    Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of   3.750    %, from May 1st, 2020    . Borrower promises to make monthly payments of principal and interest of U.S. $ 1,227.82    , beginning on the  1st   day of  June    , 2020   , and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. The yearly rate of  3.750   % will remain in effect until principal and interest are paid in full. If on May 1st, 2060    , (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

    3.    If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

    If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

    4.    Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, the Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the specified date in paragraph No. 1 above:

    (a)    all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

    (b)    all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

Loan No.·

5. Borrower understands and agrees that:

(a) All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

(b) All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

(c) Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

(d) All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

(e) Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

(f) Borrower authorizes Lender, and Lender's successors and assigns, to share Borrower information including, but not limited to (i) name, address, and telephone number, (ii) Social Security Number, (iii) credit score, (iv) income, (v) payment history, (vi) account balances and activity, including information about any modification or foreclosure relief programs, with Third Parties that can assist Lender and Borrower in obtaining a foreclosure prevention alternative, or otherwise provide support services related to Borrower's loan. For purposes of this section, Third Parties include a counseling agency, state or local Housing Finance Agency or similar entity, any insurer, guarantor, or servicer that insures, guarantees, or services Borrower's loan or any other mortgage loan secured by the Property on which Borrower is obligated, or to any companies that perform support services to them in connection with Borrower's loan.

Borrower consents to being contacted by Lender or Third Parties concerning mortgage assistance relating to Borrower's loan including the trial period plan to modify Borrower's loan, at any telephone number, including mobile telephone number, or email address Borrower has provided to Lender or Third Parties.

By checking this box, Borrower also consents to being contacted by text messaging☐.

6. If applicable, by this paragraph, Lender is notifying Borrower that any prior waiver by Lender of Borrower's obligations to pay to Lender Funds for any or all Escrow Items is hereby revoked, and Borrower has been advised of the amount needed to fully fund the Escrow Items.

7. Borrower will pay to Lender on the day payments are due under the Loan Documents as amended by this Agreement, until the Loan is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over the Mortgage as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under the Loan Documents; (d) mortgage insurance premiums, if any, or any sums payable to Lender in lieu of the payment of mortgage insurance premiums in accordance with the Loan Documents; and (e) any community association dues, fees, and assessments that Lender requires to be escrowed. These items are called "Escrow Items." Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been

Loan No.:

waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in the Loan Documents, as the phrase "covenant and agreement" is used in the Loan Documents. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under the Loan Documents and this Agreement and pay such amount and Borrower shall then be obligated to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with the Loan Documents, and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this paragraph.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under the Real Estate Settlement Procedures Act ("RESPA"), and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Unless an agreement is made in writing or applicable law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender and Borrower can agree in writing, however, that interest shall be paid on the Funds. Lender shall provide Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by the Loan Documents, Lender shall promptly refund Borrower any Funds held by Lender.

Loan No.: 

5/29/20
Date

_____(Seal)
REYNAN TANTOCO    –Borrower

_____
Date

_____(Seal)
    –Borrower

_____
Date

_____(Seal)
    –Borrower

_____
Date

_____(Seal)
    –Borrower

## BORROWER ACKNOWLEDGMENT

State of New Jersey        §
                           § ss.
County of Somerset         §

I certify that on May 29, 2020, REYNAN TANTOCO personally came before me and stated to my satisfaction that this person (or if more than one, each person):

(a) was the maker of the attached document; and
(b) executed this document as his or her own act.

Kathleen F Petrozelli
Name

Kathleen F Petrozelli
Type or Print Name of Notary

Notary Public
Title
My Commission Expires: 10/6/24

KATHLEEN F. PETROZELLI
NOTARY PUBLIC OF NEW JERSEY
Comm. # 32199
Commission Expires October 6, 2024

ACKNOWLEDGMENT (NEW JERSEY)                                        Page 5 of 6

Loan No.:

AmeriHome Mortgage Company, LLC
—————————————————— —Lender

_____ -Date

By: _____

Printed Name: _____

Its: _____

## LENDER ACKNOWLEDGMENT

State of   New Jersey   §
                       §
County of  Mercer      §

I CERTIFY that on _____, _____, _____
personally came before me and stated to my satisfaction that this person (or if more than one, each person):
(a) was the maker of the attached instrument
(b) was authorized to and did execute this instrument as _____, of
AmeriHome Mortgage Company, LLC

the entity named in this instrument; and,
(c) executed this instrument as the act of the entity named in this instrument.

_____
Notary Signature

Type or Print Name of Notary
My Commission Expires: _____

ACKNOWLEDGMENT (NEW JERSEY)                                                      Page 6 of 6

# Exhibit "A"

ALL that certain Lot, tract or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Raritan, County of Somerset, State of New Jersey and being more particularly described as follows:

BEGINNING at a point marked as an iron pipe found on the Northerly side line of Arnold Avenue (50 feet wide), said point being distant 515.99 feet Easterly from the intersection of the Easterly side line of Woodmere Street (50 feet wide) with Northerly side line of Arnold Avenue, if both said side lines extended and formed a point and running; THENCE

1. North 09 degrees 27 minutes 10 seconds West, 125.00 feet to a point; THENCE

2. North 80 degrees 32 minutes 50 seconds East, 60.00 feet to a point; THENCE

3. South 09 degrees 27 minutes 10 seconds East, 125.00 feet to a point marked as an iron pipe found on Northerly side line of Arnold Avenue; THENCE

4. Along Northerly side line of Arnold Avenue, South 80 degrees 32 minutes 50 seconds West, 60.00 feet to a point and said point being the point and place of BEGINNING.

BEING known and designated as Lot 9 in Block B as shown on a Map entitled "Brookfield Park, Borough of Raritan, Somerset County, N.J., dated September, 1955", filed in the Somerset County Clerk's Office on February 23, 1956 as Map No. 406.

Also known as Lot 9 in Block 64 on the Tax Map of the Borough of Raritan, County of Somerset, New Jersey.

The above description being drawn in accordance with a Survey prepared by Formosa Engineering, INC. dated June 16, 2015.

FOR INFORMATION PURPOSES ONLY: BEING Known as 1020 Arnold Avenue, Tax Lot(s) 9, Tax Block 64, on the Official Tax Map of Borough of Raritan, County of Somerset, State of New Jersey.

Loan No.:         ?

# LOAN MODIFICATION AGREEMENT
# BANKRUPTCY DISCLOSURE ADDENDUM

THIS LOAN MODIFICATION AGREEMENT BANKRUPTCY DISCLOSURE ADDENDUM is made this 21st day of April, 2020, and is incorporated into and shall be deemed to amend and supplement the Loan Modification Agreement of the same date, given by the undersigned (the "Borrower") which modifies Borrower's Note and Security Instrument to AmeriHome Mortgage Company, LLC
(the "Lender")
and covers the Property located at:

1020 ARNOLD AVENUE, RARITAN, New Jersey 08869
*[Property Address]*

In addition to the covenants and agreements made in the Loan Modification Agreement, the Borrower and Lender covenant and agree as follows:

1. **Borrower has filed for a Chapter 13 bankruptcy and, Lender's final approval of the Loan Modification Agreement is contingent upon approval of the Loan Modification Agreement by the bankruptcy court, if required.**
2. AFTER execution of the Loan Modification Agreement, the bankruptcy court may award the Borrower a Chapter 13 bankruptcy discharge upon completion of the Chapter 13 plan payments.
3. Borrower understands and acknowledges that Borrower has had an opportunity to consult an attorney of Borrower's own choosing before Borrower executed the Loan Modification Agreement and this Loan Modification Agreement Bankruptcy Disclosure Addendum, and Borrower has either consulted with an attorney or has declined the opportunity to consult with an attorney.

Except as otherwise specifically provided in this Loan Modification Agreement Bankruptcy Disclosure Addendum, the terms of the Loan Modification Agreement will remain unchanged and in full effect.

_____    -Borrower        _____    -Borrower
REYNAN TANTOCO

_____    -Borrower        _____    -Borrower

LOAN MODIFICATION AGREEMENT BANKRUPTCY DISCLOSURE ADDENDUM           Page 1 of 2
CHAPTER 13 ACTIVE BANKRUPTCY

Loan No.:

AmeriHome Mortgage Company, LLC
---—Lender

_____
--Date

By: _____

Its: _____

LOAN MODIFICATION AGREEMENT BANKRUPTCY DISCLOSURE ADDENDUM          Page 2 of 2
CHAPTER 13 ACTIVE BANKRUPTCY

Loan No.:

# CORRECTION AGREEMENT

Borrower(s): REYNAN TANTOCO        Property: 1020 ARNOLD AVENUE, RARITAN, New Jersey 08869

Words used in this Agreement are defined below. Words in the singular mean and include the plural and vice versa.

"Borrower" is REYNAN TANTOCO.

"Lender" is AmeriHome Mortgage Company, LLC
, and its successors or assigns.
"Loan" means the debt evidenced by the Note and all sums due under the Security Instrument.
"Note" means the promissory note(s) signed by Borrower in favor of Lender or any assignee of Lender.
"Security Instrument" means the Deed of Trust/Mortgage/Security Deed, signed by Borrower in favor of Lender, securing payment of the Note.

AGREEMENT TO CORRECT OR PROVIDE ADDITIONAL DOCUMENTATION OR FEES: In consideration of the Loan Modification Agreement offered by Lender in the amount of $382,730.92 , which modifies the Note and Security Instrument, and regardless of the reason for any loss, misplacement, omission, misstatement or inaccuracy in any Loan documentation, Borrower agrees as follows: If any document is lost, misplaced, omitted, misstated or inaccurately reflects the true and correct terms and conditions of the Loan, upon request of Lender (including any assignee of Lender), Borrower will comply with Lender's request to execute, acknowledge, initial and/or deliver to Lender any documentation Lender deems necessary to replace and/or correct the lost, misplaced, omitted, misstated or inaccurate document(s). All documents Lender requests of Borrower shall be referred to as "Requested Documents." Borrower agrees to deliver the Requested Documents within ten (10) days after receipt by Borrower of a written request for such replacement. Borrower does hereby agree to comply with Lender's request to assure that the Loan documentation executed this date will enable Lender to seek insurance or guaranty from the Department of Housing and Urban Development (HUD) or Department of Veteran's Affairs (VA), if applicable, or to conform with and be acceptable to the Federal National Mortgage Association (FNMA), Federal Home Loan Mortgage Corporation (FHLMC), Government National Mortgage Association (GNMA), or any other investor.

REQUEST BY LENDER: Any request under this Agreement may be made by the Lender (including assignees and persons acting on behalf of the Lender) and shall be prima facie evidence of the necessity for same. A written statement addressed to Borrower at the address indicated in the Loan documentation shall be considered conclusive evidence of the necessity for Requested Documents.

BORROWER LIABILITY: If Borrower fails or refuses to execute, acknowledge, initial or deliver the Requested Documents to Lender within ten (10) days after being requested to do so by Lender, Borrower understands that Lender is relying on the representations contained herein and agrees to be liable for any and all loss or damage which Lender reasonably sustains thereby including, but not limited to, all reasonable attorneys' fees and costs incurred by Lender.

This Agreement shall inure to the benefit of Lender's successors and assigns and be binding upon the heirs, devises, personal representatives, successors and assigns of Borrower.

### ACKNOWLEDGMENT OF RECEIPT

**I hereby acknowledge receipt of this Correction Agreement and further acknowledge that I understand its provisions. Words used in this Correction Agreement mean and include the plural and vice versa.**

_____ 5/29/20             _____
REYNAN TANTOCO         -Borrower (Date)                                     -Borrower (Date)


_____                     _____
                       -Borrower (Date)                                     -Borrower (Date)

Loan No.:

# NOTICE OF NO ORAL AGREEMENTS

THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.

THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.

**Receipt of Notice:** The undersigned hereby represents and warrants that I/we have each received and read a copy of this Notice on or before the execution of the "Loan Agreement." "Loan Agreement" means one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods, or any other thing of value or to otherwise extend credit or make a financial accommodation.

_____  
REYNAN TANTOCO         -Borrower

_____  
-Borrower

_____  
-Borrower

_____  
-Borrower

Loan No.:

# ATTORNEY SELECTION NOTICE

By signing below, it is understood and agreed that you may hire a lawyer or attorney to advise you regarding this transaction and its consequences.

SELLER:                                                                 BORROWER:

N/A Modification  5/29/20                                               _____
_____                                      REYNAN TANTOCO              (Date)
                              (Date)


N/A Modification                                                        _____
_____                                                                 (Date)
                              (Date)


_____                                      _____
                              (Date)                                                               (Date)


_____                                      _____
                              (Date)                                                               (Date)


ATTORNEY SELECTION NOTICE -MULTISTATE                                                       Page 1 of 1